UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| Plaintiff, | ) Case No. 2:25-cv-11192 |
| v. | ) |
| **WIXOM WELCOME L.L.C.,** a Michigan limited liability company, | ) Judge: |
| Defendant. | ) |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Wixom Welcome L.L.C.**,** a Michigan limited liability company, for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. §

1

1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## **PARTIES**

4. Plaintiff, Mark Fultz ("Plaintiff") is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Wixom Welcome L.L.C. operates and owns the Comfort Suites Wixom located at 28049 S. Wixom Rd, Wixom, MI 48393 in Oakland County. Plaintiff has patronized Defendant's hotel and business previously

as a place of public accommodation.

6. Upon information and belief, the facilities owned by Wixom Welcome L.L.C., are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fail to comply with the ADA and its regulations, as also described further herein.

7. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant or its predecessor commencing in 2006 and granted permits for occupancy in 2006 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it is structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair for mobility and can occasionally walk short distances with the use of a cane.

9. Raised in Michigan, Mr. Fultz has relatives including his son, daughter,

grandchildren, and cousins in suburban Detroit. His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit. Plaintiff frequents many establishments in the Oakland County region and has been an overnight guest at the property that forms the basis of this lawsuit.

10. During the Plaintiff's stay, and most recently on the night of May 4-5, 2023, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other

visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

12. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

13. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities,

5

privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

14. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

15. A preliminary inspection of the Comfort Suites Wixom, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

<u>Parking and Accessible Routes</u>

A. The passenger loading zone lacks a marked access aisle, in violation of the ADA and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. Access aisles at designated accessible parking spaces do not lead to an accessible route, in violation of the ADA and section 502.4 of the 2010 Standards and 1991 ADAAG section 4.6.3 whose remedy is strictly required or, at minimum, readily achievable.

C. There are cracks and changes in level along the accessible route from the designated accessible parking to the entrance, in violation of the ADA and section 303.2 of the 2010 Standards and 1991 ADAAG section 4.3.8, whose remedy is strictly required or, at minimum, readily achievable.

D. Designated accessible parking spaces contain excess slope, in violation of the ADA and Section 502.4 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

E. Parked vehicles impede the required clear width of the accessible route from the

designated accessible parking to the various entrances, in violation of the ADA and section 403.5.1 of the 2010 Standards and 1991 ADAAG section 4.3.3, whose remedy is strictly required or, at minimum, readily achievable.

F. The curb ramp on the accessible route has cracks and changes in level and excess cross-slope, in violation of the ADA and Section 406 of the 2010 Standards and 1991 ADAAG section 4.1.2 whose remedy is strictly required or, at minimum, readily achievable.

G. There is no accessible route to the public right of way, in violation of the ADA and section 206.2.1 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

Type, Number and Designated Mobility Accessible Guestrooms Generally

H. Upon information and belief, the Comfort Suites Wixom has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 91 guestrooms, there must be a minimum of four mobility accessible guestrooms without a roll-in shower and a minimum of one mobility accessible guestrooms with a roll-in shower, totaling five designated mobility accessible guestrooms.

I. Upon information and belief, as well as of review of published photos by hotel management, Mark Fultz believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel similar to those experienced by the Plaintiff in guestroom number 411 which require remedying.

J. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers several different types of room.  However, guests who require mobility accessible accommodations are restricted to a 1 king bed, 1 room suite, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes including rooms with 2 queen beds as well as 2 queen beds and a sofa bed Junior Suite. This is in violation of the ADA, section 9.1.4 of 1991 ADAAG and section 224.5 of the 2010 Standards and its remedy is strictly required or is at minimum readily achievable.

Designated Mobility Accessible Guestroom #411

K.  The guestroom entry door operating hardware (door latch) and emergency instructions exceed the maximum height requirements, in violation of the ADA and Section 404.2.7 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

L.  The curtain adjusters were located above allowable reach range and require tight grasping or twisting to operate in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

M. Some amenities, including the closet shelf, towel shelf, robe hook, and iron, are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and sections 4.2.5 and 4.2.6 of the 1991 ADAAG, whose remedy is strictly required or, at minimum, readily achievable.

N.  Drawer hardware requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

O.  The roll in shower compartment is not at least 60 inches wide in violation of the ADA and section 608.2.2 of the 2010 Standards and 1991 ADAAG section 9.1.2, whose remedy is strictly required or, at minimum, readily achievable.

P.  Roll-in shower faucet controls are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall and the controls, faucets, and shower spray unit shall are located higher than 48 inches above the shower floor, in violation of the ADA and Section 608.5.2 of the 2010 Standards and 4.21.3 and 4.21.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily

Q.  Grab bars inside the shower compartment are non-compliant, in violation of the ADA and section 608.3 of the 2010 Standards and 1991 ADAAG section 4.21.4, whose remedy is strictly required or, at minimum, readily achievable.

R.  The water closet flush control is not located on the open side of the unit, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum,

readily achievable.

S. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA and section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

T. There is not minimum clear floor space for wheelchairs to access the microwave, , in violation of the ADA and sections 305.3 of the 2010 Standards and 1991 ADAAG section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

Access to Goods and Services

U. The fitness room door does not meet required width, in violation of the ADA and Section 404.2.3 of the 2010 Standards and 1991 ADAAG section 4.13.5, whose remedy is strictly required or, at minimum, readily achievable.

V. There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and Section 403.5.1 of the 2010 Standards and Section 4.3.3 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Policies and Procedures

W. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy for maintaining its accessible features, in violation of the ADA whose remedy is strictly required or, at minimum, is readily achievable.

X. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Mark Fultz.

Y. The Defendant's inadequate policies and procedures include an absence of emergency evacuation plans of this hotel for the Defendant's guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including Mark Fultz, struggle to address the existing barriers to accessibility on the property and suffer additional risk in

the event of an emergency and proper emergency evacuation plans are required.

16. The discriminatory violations described in Paragraph 15 by Defendant Wixom Welcome L.L.C. are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

17. Plaintiff restates the allegations of ¶¶1-16 as if fully rewritten here.

18. The hotel at issue, as owned and operated by Wixom Welcome L.L.C. constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines

("ADAAG").

19. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility readily accessible to and usable by persons with disabilities, including Plaintiff.

20. The Plaintiff, and others similarly situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

21. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal

enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 *et seq.*

22. Plaintiff restates the allegations of ¶¶1-21 as if fully rewritten here.

23. Wixom Welcome L.L.C. owns or operates a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

24. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant has denied Mr. Fultz and others with mobility impairments compliant transient lodging despite the property being granted first occupancy after the enactment of the Americans with Disabilities Act and furthermore has renovated without undertaking required, or at minimum, readily achievable barrier removal.

25. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to

disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>*Counsel for Plaintiff:*</u>

<u>/s/ Owen B Dunn Jr.</u>
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone

          (419) 241-9737 – Facsimile  
          Monroe, MI (734) 240-0848  
          Email: obdjr@owendunnlaw.com